KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I concur in the judgment of the majority opinion because I agree that the questions of fact surrounding the content and parameters of Miami University’s ill-defined speech policy require us to reverse the district court’s dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6). I write separately because I believe that the majority opinion decides more than is necessary or advisable in reviewing the grant of Miami University’s motion to dismiss.
The majority opinion holds that the district court did not err in determining that the open areas at Miami University constitute limited public fora. I believe that it is not necessary for us to reach this holding and that doing so requires glossing over complex, mixed questions of law and fact that are better considered once the record in this case is developed. The majority does not address the distinction between a limited public forum, also known as a limited designated public forum, and a designated public forum, also known as a true or unlimited designated public forum. The Fifth Circuit has explained that “the Supreme Court at one time ‘referred to limited public forums as being a subcategory within a designated public forum’, but had more recently ‘used the phrase limited public forum to describe a type of nonpublic forum of limited open access.’ ” Justice For All v. Faulkner, 410 F.3d 760, n. 6 (5th Cir.2005) (quoting Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330, 346 n. 10 (5th Cir.2001)). The Eighth Circuit conducts a similar analysis, explaining that a limited public forum is open to certain categories of speakers and subjects while a designated public forum is not similarly limited. Bowman v. White, 444 F.3d 967, 976 (8th Cir.2006). The distinction is important because our sister circuits have held that restrictions on speech in a limited public forum are allowed if they are content-neutral and reasonable, while restrictions in a designated public forum must be analyzed under the strict-scrutiny standard. Id.; see also Justice For All, 410 F.3d at 765-66. Dicta in one of our own prior opinions did not delineate any distinction between a limited public forum and a designated public forum, but the decision involved the forum analysis applicable to a student yearbook and not the open areas of the physical university campus. Kin *514 caid v. Gibson, 236 F.3d 342, 348 (6th Cir.2001). We have yet to decide whether open campus areas may constitute either a designated or limited public forum and whether the distinction bears consequences for the constitutionality of speech restrictions.
The majority is correct that the clear weight of authority rejects the notion that open areas on university campuses are traditional public fora. The majority slights the fact, however, that our sister circuits have taken varying approaches to determining exactly what kind of fora these campus areas constitute. Only the Fourth Circuit has held that open areas on a university campus amount to a limited public forum, in which restrictions on the class of “external” speakers are subject to the deferential standard requiring only that the restrictions are content-neutral and reasonable. Am. Civil. Liberties Union v. Mote, 423 F.3d 438, 444-445 (4th Cir.2005). The Fifth and Eighth Circuits have held that open areas on university campuses are designated public fora, in which restrictions on speech are subject to strict scrutiny. Justice For All, 410 F.3d at 769; Bowman, 444 F.3d at 976-80. Finally, while the Seventh Circuit has explained that the First Amendment does not require a public university to invite the same James Gilíes who is the plaintiff in this case to give a talk on campus, the Seventh Circuit has rejected forum analysis as the correct approach to resolving the legal issue. Gilles v. Blanchard, 477 F.3d 466, 473-74 (7th Cir.2007).
Answering the question whether the campus areas at issue in this case constitutes a designated public forum, limited public forum, or neither, involves a factual as well as legal analysis. Nathan W. Kellum, If It Looks Like a Duck ... Traditional Public Forum Status of Open Areas on Public University Campuses, 33 Hastings Const. L. Q. 1., 35-36 (2005). I believe that it would be prudent to hold now that the questions regarding the nature of Miami University’s speech policy make it inadvisable to dismiss the case and to refrain from determining the forum status of the relevant campus areas at this early stage of litigation before the record is further developed.